UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Melissa Gomez,                                                    Case No. 3:13-cv-01081

        Plaintiff

   v.                                                             MEMORANDUM OPINION
                                                               AND ORDER

ERMC Property Management Company, LLC.,

        Defendants

## I. INTRODUCTION

Before me is Plaintiff Melissa Gomez's motion for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"). (Doc. No. 17). Defendant ERMC Property Management Company of Illinois, LLC, opposes. (Doc. No. 18). Gomez filed a reply, (Doc. No. 19), and ERMC filed a sur-reply after obtaining leave. (Doc. No. 22). For the reasons set forth below, Gomez's motion for conditional certification is granted in part and denied in part.

## II. BACKGROUND

For several years, Gomez worked as a "general maintenance/custodial worker" for ERMC at The Shops at Fallen Timbers, in Maumee, Ohio. (Doc. No. 1 at 2; Doc. No. 17-1 at 1). She asserts managers from ERMC forced her and her coworkers to perform work duties while off the clock and also failed to pay overtime compensation for hours worked in excess of 40 hours per week. (Doc. No. 1 at 5). Gomez alleges claims for violation of the FLSA, the Ohio Wage Act, and the Ohio Prompt Pay Act. She asserts her FLSA claim as a collective action under 29 U.S.C. § 216(b), and her

Ohio law claims as a class action under Rule 23. Gomez's class action and state law allegations are not relevant to the resolution of her motion for conditional certification of a collective action.

### III. STANDARD

There are two stages in a collective action proceeding, the notice stage and the decertification stage. *Comer v. Wal-Mart Store, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). This case currently is in the notice stage, in which the court must determine whether the named plaintiff has established a "colorable basis" for the named plaintiff's assertion that other potential plaintiffs are similarly situated to the named plaintiff. *Peterson v. Cleveland Inst. of Art*, No. 1:08-cv-1217, 2011 WL 1230267, at *2 (N.D. Ohio, March 30, 2011) (*citing Comer*, 454 F.3d at 546 and *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-66 (S.D. Ohio 2005)). This is a "fairly lenient standard," requiring only "a modest factual showing" that the named and potential plaintiffs were victims of a common, illegal plan or policy. *Comer*, 454 F.3d at 547; *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004). A plaintiff may prove she is similarly situated to potential plaintiffs by showing "they suffer from a single, FLSA-violating policy, and [that] proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).

### IV. ANALYSIS

#### A. SIMILARLY SITUATED POTENTIAL PLAINTIFFS

Gomez avers (1) she worked as a "general maintenance/custodial worker" for ERMC at The Shops at Fallen Timbers from October 30, 2010 until January 21, 2013; (2) she and other general maintenance/custodial workers were required to work while not on the clock; and (3) she and other general maintenance/custodial workers were not paid overtime for hours they worked in excess of 40 hours per week. (Doc. No. 17-1 at 1-3). This is sufficient to establish a colorable basis for her claims and to meet her initial, "minimal" burden of proving she is similarly situated to the potential

plaintiffs under 29 U.S.C. § 216(b).  *Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008 WL 1730318, at *3 (M.D. Tenn., April 10, 2008).

ERMC argues Gomez cannot sustain her burden because (1) no other potential plaintiff has opted-in or submitted an affidavit; (2) Gomez's affidavit is unreliable and "self-serving," and should be disregarded; (3) Gomez has not offered any documentary evidence in support of her claim; (4) Gomez fails to show she has personal knowledge that other ERMC employees worked while off the clock; and (5) other employees with whom Gomez worked have submitted affidavits stating they did not work off the clock and were not instructed to do so.  (Doc. No. 18 at 3-4, 5-8).  ERMC's arguments are unpersuasive.

At the notice stage, Gomez must make a "modest factual showing" that other potential plaintiffs were similarly situated.  *See, e.g., Shabazz*, 2008 WL 1730318 at *3.  ERMC fails to identify any case in which another court interpreted this requirement to mandate the inclusion of other plaintiffs or documentary evidence before any discovery has occurred beyond the parties' initial disclosures under Rule 26(a)(1), and there is no reason for imposing those conditions in this case.

Additionally, "[a]t the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues."  *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011); *see also Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D.641, 642 (W.D. Tenn. 2009), *Engel v. Burlington Coat Factory Direct Corp.*, No. 1:11-cv-759, 2013 WL 2417979, at *3 (S.D. Ohio, June 3, 2013), *Seger v. BRG Realty, LLC*, No. 1:10-cv-434, 2011 WL 2020722, at *3 (S.D. Ohio, May 24, 2011).  ERMC's attempt to discredit Gomez's "self-serving" affidavit with its own self-serving affidavits simply is not relevant to the sole issue at this stage: "whether the proposed class members are similarly situated to [the plaintiff.]"  *Swigart*, 2013 WL 2417979, at *3.  Further, Gomez's affidavit plainly asserts she has personal knowledge ERMC applied the same plan or policy to her coworkers.  (*See* Doc. No. 17-1 at 2 ("I witnessed other non-exempt, hourly general maintenance/custodial workers working 'off the

clock.'")). ERMC's attempt to distinguish Gomez's affidavit from the plaintiff's affidavit in *Peterson* falls flat. *See Peterson*, 2011 WL 1230267 at *4 ("First-hand experience can be sufficient to meet the lenient standard for sending notice to potential class members."); (Doc. No. 19-1 at 2 (Peterson "observed" other employees working additional hours and days without further compensation)).

    **B. SCOPE**

Gomez seeks to recover for violation of the FLSA "on behalf of herself and all other persons employed by ERMC at any time from May 13, 2010 to the present . . . ." (Doc. No. 17-2 at 2). The class Gomez seeks to represent is too broad. She asserts she was "aware" this was and is "a company-wide policy because of the instructions given to [her] by the company, as well as [her] interactions with other employees." (Doc. No. 17-1 at 3). She only can speculate that ERMC employees at other worksites also were required to work while not on the clock, as she states she worked only at the Shops at Fallen Timbers and offers no evidence as to interactions with employees at other locations ERMC serviced. Thus, her motion for conditional certification of a nationwide collective action is denied. At this time, she has made a factual showing only with regard to ERMC employees at The Shops at Fallen Timbers, and may proceed with a collective action limited to that group of potential plaintiffs. Gomez may renew her motion if discovery reveals a basis for expanding the collective action to include additional worksites. *See Brasfield*, 257 F.R.D. at 644; *Engel*, 2013 WL 2417979, at *4.

Additionally, at this stage, the proper statute of limitation is three years. Gomez argues ERMC's FLSA violations were willful, and the fact that ERMC has a written policy prohibiting supervisors from asking employees to perform work while off the clock supports the conclusion that ERMC "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . ." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Moreover, the fact that Gomez identifies only one supervisor from her employment at ERMC does not preclude the theory that other supervisors made the same orders. ERMC may challenge the

4

timeliness of individual plaintiffs' claims if discovery reveals a basis. *See Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012) (concluding statute of limitation should begin to run, for purpose of plaintiff's notice, three years from the filing of plaintiff's complaint).

Finally, ERMC argues the collective action should be limited to janitorial employees because ERMC's maintenance employees worked at The Shops at Fallen Timbers "pursuant to a separate contract" and with "a completely different job description." (Doc. No. 18 at 10). ERMC offers no case law to support its assertion that a collective action under 29 U.S.C. § 216 may be maintained only as to workers who perform the same job. To demonstrate she is similarly situated to the putative class, Gomez need only make a modest factual showing that ERMC imposed "a single, FLSA-violating policy" upon her and other employees. *O'Brien*, 575 F.3d at 585. She has done so here, and the notice properly may include the broader category Gomez proposes.

Gomez will file an appropriately amended notice with the court, seeking leave to distribute that notice and the opt-in form, no later than May 2, 2014, and prior to circulating those materials to potential plaintiffs. I will consider ERMC's objections to Gomez's proposed notice at that time. ERMC, if it chooses, may stand on the arguments it presented in its brief in opposition to the instant motion. ERMC also, if it chooses, may file a supplementary brief contesting the form and content of the revised notice. This supplementary brief may incorporate by reference the arguments ERMC made in its brief in opposition, may not exceed five pages in length, and must be filed no later than ten days after Gomez files her amended notice. If ERMC files a supplementary brief, Gomez may file a reply brief. This reply brief also may incorporate the arguments Gomez made in her reply brief, may not exceed five pages in length, and must be filed no later than five days after ERMC's supplementary brief.

## V. CONCLUSION

For the reasons stated above, Gomez's motion for conditional certification of a collective action is granted in part and denied in part. Gomez will file an amended proposed notice, as I described above, no later than May 2, 2014.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge