UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Melissa Gomez,  Case No. 3:13-cv-01081

        Plaintiff

  v.  MEMORANDUM OPINION
AND ORDER

ERMC Property Management Company, LLC.,

        Defendant.

## INTRODUCTION

Plaintiff Melissa Gomez seeks leave to distribute to potential plaintiffs notice and an opt-in form concerning her putative collective action under the Fair Labor Standards Act ("FLSA"). (Doc. No. 24). She also seeks expedited discovery from Defendant ERMC Property Management Company of the names, last known addresses, and telephone numbers of all individuals employed by ERMC at The Shops at Fallen Timbers. ERMC objects to the inclusion and omission of certain language within Gomez's proposed notice (the "Notice"). With the modifications described below, I grant Gomez's motion for leave.

ERMC asserts the Notice must: (1) explain ERMC denies the allegations, maintains it complied with the FLSA in good faith, including through its policy prohibiting employees from working while off-the-clock, and is actively defending against Gomez's claims; (2) include the identity of ERMC's attorneys; (3) explain potential plaintiffs might be liable for ERMC's costs of litigation if ERMC prevails; (4) inform prospective plaintiffs that they may retain their own counsel

if they opt-in to this lawsuit; and (5) set a 30 day deadline for filing the opt-in forms. (Doc. No. 26). I will address each of these below.

**DENIAL OF ALLEGATIONS**

Gomez concedes it may be appropriate to include in the Notice "a short statement that [ERMC] denies liability," but contends the additional language ERMC requests "would cause confusion and may serve to chill the opt-in rate." (Doc. No. 27 at 2). I agree, as references in the Notice to ERMC's policies and alleged good faith compliance with the FLSA may cause needless confusion and are more appropriate topics for individualized conversations with counsel after prospective plaintiffs return the opt-in forms. The straightforward statement that ERMC denies Gomez's allegations and asserts it did not violate the FLSA is sufficient to give prospective plaintiffs appropriate notice of the posture of this case.

**DEFENDANT'S COUNSEL**

Gomez disputes ERMC's assertion that the Notice must identify its attorneys in order to provide prospective plaintiffs with "a fair understanding of the case they are being invited to join." (Doc. No. 26 at 3). While some courts have approved opt-in notices which include the name of the defendant's attorney, the law firm with which that attorney is associated, as well as the defendant's attorney's mailing address and phone number, *see, e.g., Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 254-55 (M.D. Tenn. 1996), I cannot find any case in which a court required that this information be included. Moreover, it is difficult to see how this identification offers any useful information to prospective plaintiffs. ERMC does not suggest it would be appropriate for prospective plaintiffs to contact its attorneys to discuss the case, and so it seems that information only could serve to confuse prospective plaintiffs and perhaps delay their efforts to discuss with Gomez's counsel the potential benefits and costs of joining this collective action. A simple statement that ERMC is represented by counsel is adequate.

Before distributing the Notice, Gomez will amend the Notice to reflect ERMC's denial of the allegations and that ERMC has retained counsel. Gomez will amend the section of the Notice titled "Description of the Lawsuit" to include a second paragraph as follows: "ERMC, through its attorneys, denies Gomez's allegations. ERMC asserts it did not violate the FLSA and therefore it is not liable for the damages Gomez seeks."

**DEFENSE COSTS**

Gomez argues ERMC's request for language concerning potential payment of its costs of litigation is intended "solely to chill the opt-in rate," as some courts have noted it is unclear whether employers may recover costs if they prevail in an FLSA action. (Doc. No. 27 at 3). The Sixth Circuit, however, has affirmed a district court's award of costs to an employer. *See Frye v. Baptist Mem'l Hosp., Inc.*, 507 F. App'x 506, 508 (6th Cir. 2012) (award of costs to employer as prevailing party was not an abuse of discretion given the FLSA's silence on the issue and the presumption Rule 54(d) creates); *cf. Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994) (noting the FLSA distinguishes between litigation costs and attorney fees, and denying employer's request for attorney fees as outside the FLSA's fee-shifting provision). I conclude that the inclusion of language indicating prospective plaintiffs may be liable for costs if ERMC prevails is appropriate to give prospective plaintiffs a clear understanding of the potential risks and rewards of opting in to this litigation. *See Frye v. Baptist Mem'l Hosp., Inc.*, 863 F. Supp. 2d 701, 705 (W.D. Tenn. 2012) ("An award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical." (quoting *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351, 2009 WL 2058734, at *4 (D. Kan. July 15, 2009))). The Notice must be amended to inform prospective plaintiffs they may be obligated to pay costs no matter the outcome of the litigation.

Before distributing the Notice, Gomez will amend the second sentence of the second paragraph in the section titled "If You Join This Lawsuit" to read as follows: "You have no

obligation to pay attorney fees to Class Counsel unless the lawsuit prevails, though you may be responsible for paying costs incurred during the lawsuit regardless of the outcome of the case."

**RETAINING DIFFERENT COUNSEL**

Gomez objects to ERMC's assertion that prospective plaintiffs have the right to opt-in to this lawsuit and be represented by counsel of their choosing. As with many issues arising during the authorized notice stage of FLSA collective actions, this is an issue reserved for my discretion rather than a matter of right. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). *Compare Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 541 (N.D. Cal. 2007) (rejecting defendant's proposed invitation for prospective plaintiffs to retain their own attorneys as likely to "lead to confusion, inefficiency and cumbersome proceedings"), *with Snide v. Discount Drug Mart, Inc.*, No. 1:11-cv-0244, 2011 WL 5434016, at *7 (N.D. Ohio, Oct. 7, 2011) ("the notice shall contain a statement indicating that the opt-in plaintiffs are entitled to represented . . . by counsel of his or her own choosing"). I agree with the *Adams* court and conclude bringing additional counsel into this lawsuit likely would defeat the efficient operation of the litigation. The Notice clearly informs prospective plaintiffs that they may choose to hire their own attorneys and pursue a lawsuit individually, unaffected by the course of this collective action. This is sufficient to notify those prospective plaintiffs of their rights under the FLSA.

**DEADLINE TO OPT IN**

Gomez asserts ERMC's suggested 30-day deadline is too short, as it would confine the ability of prospective plaintiffs to thoughtfully consider their participation in this lawsuit. Gomez instead suggests a deadline of at least 45 days. *See, e.g., Snide*, 2011 WL 5434016, at *8; *Heaps v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2011 WL 1325207, at *9 (S.D. Ohio, April 5, 2011); *Baden-Winterwood v. Life Time Fitness*, No. 2:06-cv-99, 2006 WL 2225825, at *3 (S.D. Ohio, Aug. 2, 2006). I conclude a 45-day period adequately balances the need to keep this lawsuit on track with the need to allow prospective plaintiffs time to evaluate their options.

Before distributing the Notice, Gomez will amend the section titled "Your Right to Participate in the FLSA Portion of the Lawsuit" by replacing the "[DATE]" placeholder with the date falling 45 days after the receipt of the contact information of prospective plaintiffs.  If this date falls on a weekend, Gomez will substitute the date of the next business day.

**MISCELLANEOUS MATTERS**

Additionally, ERMC requests that I instruct Gomez's counsel "not to initiate direct contact with any prospective class member to solicit their participation[,] as that would not only be unfairly prejudicial to ERMC but [also would] be a potential violation of Rule 7.3 [of the] Ohio Rules of Professional Conduct."  (Doc. No. 26 at 4-5).  ERMC offers no explanation for its offensive request, and I can see no justification for it.  I am certain Gomez's attorneys are fully aware of their ethical obligations and need no admonition from me to continue abiding by those obligations.  ERMC's request is denied.

Gomez seeks expedited discovery of certain information regarding all individuals employed by ERMC at The Shops at Fallen Timbers between May 13, 2010 and the date of filing of this order.  I hereby order ERMC to produce the information Gomez requests within seven calendar days from the date of the entry of this order.

**CONCLUSION**

For the reasons stated above, Gomez's motion for leave is granted in part and denied in part.  ERMC will produce the information Gomez requests within seven calendar days of the entry of this order.  Gomez will modify the Notice as set forth above before distributing it to prospective plaintiffs.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge

5